# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GARCIA GONZALEZ ALEXIS,**
**A# 023-165-219,**

    Petitioner,

vs.                                                      Case No. 4:17cv404-RH/CAS

**JEFF SESSIONS, et al.,**

    Respondents.

_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 6, 2017. ECF No. 1. Petitioner is a native and citizen of Cuba who had been ordered removed from the United States on May 13, 2006. ECF No. 1 at 3. He was taken into ICE custody on February 13, 2017, and alleged that ICE has been unable to remove him to Cuba or any other country. *Id.* at 5. Petitioner contends that "removal to Cuba or any [other] country is not significantly likely to occur in the reasonably foreseeable future." *Id.* at 6-7. Petitioner

sought release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), but did not challenge the order of removal.

Finding the petition sufficient, service was directed and Respondents required to show good cause why the petition should not be granted. ECF No. 6. Respondents have now filed a motion to dismiss, ECF No. 12, asserting that the petition is moot because Petitioner was released under an order of supervision. Attached to the motion is an exhibit revealing that Petitioner was released from detention on October 6, 2017. ECF No. 12-1. Therefore, because Petitioner has been afforded the relief sought, release from detention, this § 2241 petition should now be dismissed as moot.

Additionally, two prior Orders were entered in this case requiring Petitioner to "immediately file a notice to the Clerk's Office in the event he is transferred, released, or his address otherwise change[d]." ECF Nos. 3, 6. It appears that Petitioner was released approximately six weeks ago, but never advised this Court of that fact. Petitioner has apparently abandoned this litigation in light of his release from detention.

The motion to dismiss contains a certificate of service which indicates the document was provided to Petitioner at "his address of release, 1800 NW 24th Avenue, Miami, Florida 33125." ECF No. 12 at 4. The Clerk of Court shall forward this Report and Recommendation to Petitioner at that

address.  If Petitioner disputes that this case is moot, he must immediately file "objections" and a notice of change of address.

**ORDER**

It is **ORDERED** that the Clerk of Court shall forward this Report and Recommendation to Petitioner at 1800 NW 24th Avenue, Miami, Florida 33125.

**REPORT AND RECOMMENDATION**

In light of Petitioner's apparent abandonment of this case and Respondents' demonstration that Petitioner has been released, it is respectfully **RECOMMENDED** that the § 2241 petition be **DISMISSED as moot** since Petitioner has been granted the relief sought in the petition.

**IN CHAMBERS** at Tallahassee, Florida, on November 21, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.